# LAW OFFICES OF
## O'KEKE & ASSOCIATES, P.C.
801 Franklin Avenue.
Brooklyn, New York 11238
Tel.: (718) 855-9595
Attorneys for plaintiffs

```
------------------------------------X----------------------------
DERRICK HENRIQUES                   :UNITED STATES DISTRICT COURT
                                    :EASTERN DISTRICT OF NEW YORK
          Plaintiff(s),             :
                                    :   CASE No.:12 CV 6126
     against                        :
                                    :   CIVIL ACTION
                                    :
THE CITY OF NEW YORK,               :   AMENDED COMPLAINT
P.O. LEON PEDIGO, SGT. ERIC NOLAN   :
JOHN DOE  AND "JANE DOE" 1- 2       :
inclusive, the names of the last    :
defendants being fictious, the true :    PLAINTIFF DEMANDS
names of the defendants being       :    TRIAL BY JURY
unknown to the plaintiff.           :
                                    :    (FB)(JMA)
          Defendant(s).             :
------------------------------------X----------------------------
```

TAKE NOTICE, the Plaintiff, Mr. Derrick Henriques, hereby appears in this action by his attorneys, The Law Offices of O'keke & Associates, P.C., and demands that all papers be served upon him, at the address below, in this matter.

Plaintiff, Mr. Derrick Henriques, by his attorneys, The Law Offices of O'keke & Associates, P.C., complaining of the defendants, The City of New York, and "John Doe" AND "Jane Doe" 1-5, collectively referred to as the Defendants, upon information and belief alleges as follows:

## NATURE OF THE ACTION

1. This is an action at law to redress the deprivation of rights secured to the plaintiff under color of statute, ordinance, regulation, custom, and or to redress the

1

    deprivation of rights, privileges, and immunities secured to the plaintiff by the Fourth, Fifth and Fourteenth Amendments to the Constitution of the United States, and by Title 42 U.S.C. § 1983 [and § 1985], [and arising under the law and statutes of the State of New York].

2. This is an action to further seek compensation for the serious and permanent personal injuries sustained by the plaintiff, as a result of the negligence of the defendants, perpetrated while said defendant police officers were in the process of illegally and unlawfully arresting plaintiff.

## JURISDICTION

3. The jurisdiction of this Court is invoked under 28 U.S.C. §1343(3), this being an action authorized by law to redress the deprivation of rights secured under color of state and city law, statute, ordinance, regulation, custom and usage of a right, privilege and immunity secured to the plaintiff by the Fourteenth Amendment to the Constitution of the United States.  Jurisdiction of this court exists pursuant to 42 USC §1983 and under the Fourth, Fifth, and Fourteenth Amendments to the United States Constitution.

4. All causes of action not relying exclusively on the aforementioned federal causes of action as a basis of this Court's jurisdiction are based on the Court's supplemental jurisdiction pursuant to 28 U.S.C. §1367 to hear state law causes of action. The events, parties, transactions, and injuries that form the basis of plaintiff's federal claims are identical to the events, parties, transactions, and injuries that form the basis of plaintiff's claims under applicable State and City laws.

5. As the deprivation of rights complained of herein occurred within the Eastern District of New York, venue is proper in this district pursuant to 28 U.S.C. §§1391 (b) and (c).

## PARTIES

6. Plaintiff resides in Brooklyn, New York and is a resident of the State of New York.
7. Defendants P.O. LEON PEDIGO, SGT. ERIC NOLAN, are both NYPD Officers assigned to the PSA #2 precinct of the NYPD; All defendants are being sued in both their individual and official capacity.
8. Defendants "John Doe" and "Jane Doe" 1'through'2 are unknown police officers for the City of New York, acting under color of state law. They are being sued in both their individual and official capacity.
9. The actions which form the underlying basis for this case all took place in the County of Kings, within the jurisdiction of the Eastern District of New York. Further, the Defendant, City of New York is a municipality in the State of New York and employs the Defendants Police Officers.

## FACTUAL ALLEGATIONS COMMON TO ALL CAUSES OF ACTION

10. On or about October 9, 2011, at approximately 8:30PM, the defendant officers, named and unnamed working with the New York City Police Department and assigned or affiliated with the PSA #2 Precinct, without probable cause and/or justification, arrested the plaintiff on Sutter Avenue, located in Brooklyn, New York.
11. Prior to and after effecting the illegal arrest against the

3

plaintiff, plaintiff had just left his father's apartment was talking to some friends outside, when said defendant officers approached plaintiff and ordered plaintiff to sit on the floor.

12. That at the time when the defendant officers approached the plaintiff, plaintiff was not engaged in any wrongdoing, unlawful, illegal or suspicious activity.

13. Plaintiff complied and sat on the floor, for almost half an hour before the defendant offices then decided to handcuff plaintiff.

14. despite the absence of any evidence of wrongdoing on the part of the plaintiff, the defendants formally arrested the plaintiff.

15. The decision to arrest the plaintiff was objectively unreasonable under the circumstances.

16. The plaintiff was detained at the scene of the arrest for a period of time and then plaintiff was placed in a police vehicle and transported to PSA 2 precinct, where he was again searched and pedigreed before being placed in a holding cell.

17. Plaintiff was detained in the same holding cell for almost 20 hours before being transported to the Criminal Court, Central Bookings Division, where plaintiff was again placed in a holding pen, with numerous other arrestees and no food or water or adequate restroom facilities.

18. That while plaintiff was being detained, the defendants individually and/or collectively completed arrest paperwork, in which they swore in part, that the plaintiff had committed a crime and/or offense.

19. The factual claim by the defendant officers were materially false and the defendant officers knew it to be materially false at the time they first made it, and every time

4

thereafter when they repeated it.

20. That the defendant officers forwarded these false allegations to the Kings County District Attorney ("KCDA") in order to justify the arrests and to persuade the KCDA to commence the plaintiff's criminal prosecution.

21. That as a direct result of these false allegations by the defendant an officer, the plaintiff was criminally charged under Docket Number 2011KN080929.

22. The plaintiff remained in the detention of the defendants for a second day, before the plaintiff was brought before a judge of the criminal court, wherein all charges were dismissed and the plaintiff was released from the custody of the defendants.

23. At no time prior to or during the above events was there probable cause to arrest the plaintiff, nor was it reasonable for the defendants to believe that probable cause existed.

24. At no time did any defendant take any steps to intervene in, prevent, or otherwise limit the misconduct engaged in by the defendants against the plaintiff.

25. The defendant officers intentionally and deliberately gave false statements and/or failed to file accurate or corrective statements, or otherwise failed to report the conduct of the defendants who engaged in the misconduct described herein as required.

26. As a direct and proximate result of defendants' actions, plaintiff suffered and continues to suffer injuries, including but not limited to emotional distress, nightmares, and unwarranted severe anger bouts some or all of which may be permanent.

27. The false arrest of plaintiff, plaintiff's wrongful imprisonment because of defendants' knowledge of a lack of

5

any legitimate cause or justification, were intentional, malicious, reckless and in bad faith.

28. As a direct and proximate result of defendants' actions, plaintiff was deprived of rights, privileges and immunities under the Fourth and Fourteenth Amendments to the United States Constitution and the laws of the City of New York and the State of New York.

29. Defendant City of New York, as a matter of policy and practice, has with deliberate indifference failed to properly sanction or discipline police officers including the defendants in this case, for violations of the constitutional rights of citizens, thereby causing police officers including defendants in this case, to engage in unlawful conduct.

30. Defendant City of New York, as a matter of policy and practice, has with deliberate indifference failed to sanction or discipline police officers including the defendants in this case, who are aware of and subsequently conceal violations of the constitutional rights of citizens by other police officers thereby causing and encouraging police officers including defendants in this case, to engage in unlawful conduct.

31. That the defendant City of New York was responsible for ensuring that reasonable and appropriate levels of supervision were in place within and over the NYPD

32. Defendant New York City had actual or constructive knowledge that there was inadequate supervision over and /or within the NYPD with respect to its members' abuse of their authority, abuse of arrest powers and other blatant violations of the United States Constitution and rules and regulations of the NYPD. Despite ample notice and/or knowledge of inadequate supervision, defendants took no

6

steps to ensure that reasonable and appropriate levels of supervision were put in place to ensure that NYPD members engaged in police conduct in a lawful and proper manner, inclusive of use of their authority as law enforcement officers with respect to the general public and specifically the plaintiff herein.

33. The defendant City of New York deliberately and intentionally chose not to take action to correct the chronic, systemic and institutional misuse and abuse of police authority by its NYPD employees and thereby deliberately and intentionally adopted, condoned and otherwise created through deliberate inaction and negligent supervision and NYPD policy, practice and custom of utilizing illegal and impermissible searches, arrests and detentions, and the manufacturing of evidence, in the ordinary course of NYPD business in flagrant disregard of the state and federal constitutions, as well as the Patrol Guide, up to and beyond plaintiff's arrest.

34. That all of the acts and omissions by the defendant officers described above were carried out pursuant to overlapping policies and practices of the municipal defendant in their capacities as police officers and officials pursuant to customs, policies, usages, practices, procedures and rules of the City and the NYPD, all under the supervision of ranking officers of the NYPD.

35. The existence of the unconstitutional customs and policies may be inferred from repeated occurrences of similar wrongful conduct, as documented in a long history of civil actions in state and federal courts.

36. In an Order dated November 25, 2009, in Colon v. City of New York, 09 CV 0008 (EDNY), the court held that:

   *Informal inquiry by the court and among the judges of*

7

> *this court, as well as knowledge of cases in other federal and state courts, has revealed anecdotal evidence of repeated, widespread falsification by arresting police officers of the New York City Police Department. Despite numerous inquiries by commissions and strong reported efforts by the present administration—through selection of candidates for the police force stressing academic and other qualifications, serious training to avoid constitutional violations, and strong disciplinary action within the department—there is some evidence of an attitude among officers that is sufficiently widespread to constitute a custom or policy by the city approving illegal conduct of the kind now charged.*

37. That on more than half of the occasions where the Civilian Complaint Review Board refers substantiated complaints against officers to the NYPD for disciplinary action, the NYPD either simply issues a verbal warning or drops the the charges altogether.
38. That the defendant New York City has not only tolerated, but actively fostered a lawless atmosphere within the NYPD and that the City of New York was deliberately indifferent to the risk and the inadequate level of supervision would lead to violation of individuals constitutional rights in general, and caused the violation of plaintiff's rights in particular.
39. The actions of all defendants, acting under color of State law, deprived plaintiff of his rights, privileges and immunities under the laws and Constitution of the United States; in particular, the rights to be secure in his person and property, to be free from the excessive use of

8

force and from malicious prosecution, abuse of process, and the right to due process.

40. By these actions, defendants have deprived plaintiff of rights secured by the Fourth, Fifth, and Fourteenth Amendments to the United States Constitution, in violation of 42 U.S.C. Section 1983.

41. This action has been commenced within one year and ninety days after the happening of the event upon which the claim is based.

## **AS A FIRST CAUSE OF ACTION:**

42 U.S.C Section 1983-against Defendants Officers

42. Plaintiff hereby restates paragraphs 1-41 of this complaint, as though fully set forth below

43. By detaining and imprisoning Mr. Henriques without justification, probable cause or reasonable suspicion, the defendant officers, deprived Plaintiff of rights, remedies, privileges, and immunities guaranteed to every citizen of the United States, in violation of 42 U.S.C. Section 1983, including, but not limited to, rights guaranteed by the Fourth and Fourteenth Amendments of the United States Constitution.

44. In addition, the defendant officers conspired among themselves to deprive plaintiff of his constitutional rights secured by 42 U.S.C. Section 1983, and by the Fourth and Fourteenth Amendments to United States Constitution, and took numerous overt steps in furtherance of such conspiracy, as set forth above.

45. The defendant officers acted under pretense and color of state law and in their individual and official capacities

and within the scope of their respective employment as NYPD Officers. Said acts by the Defendants Officers were beyond the scope of their jurisdiction, without authority of law, and in abuse of their powers, and said Defendants acted willfully, knowingly, and with the specific intent to deprive the Plaintiff of his constitutional rights secured by 42 U.S.C. Section 1983, and by the Fourth and Fourteenth Amendments to the United States Constitution.

46. As a direct and proximate result of the misconduct and abuse of authority detailed above, Plaintiff sustained the damages herein before stated.

## AS A SECOND CAUSE OF ACTION:

New York State Constitution, Art. 1 Section 12

47. Plaintiff hereby restates paragraph 1-46 of this complaint, as though fully set forth below
48. By detaining, imprisoning maliciously prosecuting Mr. Henriques without probable cause or reasonable suspicion, the defendant officers deprived Plaintiff of rights, remedies, privileges, and immunities guaranteed to every New Yorker by Article 1, Section 12 of the New York Constitution.
49. In addition, the defendants' officers conspired among themselves to deprive plaintiff of his constitutional rights secured by Article 1, Section 12 of the New York Constitution, and took numerous overt steps in furtherance of such conspiracy, as set forth above.
50. The defendant officers acted under pretense and color of

state law and in their individual and official capacities and within the scope of their respective employment as NYPD officers. Said acts by the defendants officers were beyond the scope of their jurisdiction, without authority of law, and in abuse of their powers, and said Defendants acted willfully, knowingly, and with the specific intent to deprive the Plaintiff of his constitutional rights secured by Article 1, Section 12 of the New York Constitution.

51. Defendants, their officers, attorneys, agents, servants and employees were responsible for Plaintiff's deprivation of his state constitutional rights. Defendant City, as employer of each of the Officer Defendants, is responsible for their wrongdoing under the <u>doctrine of respondeat superior.</u>

52. As a direct and proximate result of the misconduct and abuse of authority detailed above, plaintiff sustained the damages herein-before alleged.

## AS A THIRD CAUSE OF ACTION:

False Arrest and False Imprisonment--all defendants

53. Plaintiff hereby restates paragraph 1-52 of this complaint, as though fully set forth below

54. The Defendants Officers wrongfully and illegally detained, and imprisoned the Plaintiff.

55. The wrongful arrest and imprisonment of the Plaintiff was carried out without a valid warrant, without Plaintiff's consent, and without probable cause or reasonable suspicion.

56. That at all relevant times, the Officers Defendants acted forcibly in apprehending, detailing, and imprisoning the Plaintiff.

57. All of the foregoing occurred without any fault, wrongdoing, unlawful behavior or provocation on the part of the Plaintiff.
58. Defendants, their officers, agents, servants, and employees were responsible for plaintiff's detention and imprisonment during this period of time. Defendant City of New York, as employer of the Officers Defendants, is responsible for their wrongdoing under the doctrine of respondeat superior.
59. The Defendants Officers acted with a knowing, willful, wanton, grossly reckless, unlawful, unreasonable, unconscionable, and flagrant disregard of the Plaintiff's rights, privileges, welfare, and well-being and are guilty of egregious and gross misconduct toward Plaintiff.
60. As a direct and proximate result of the misconduct and abuse of authority detailed above, plaintiff sustained the damages herein-before stated.

## AS A FOURTH CAUSE OF ACTION:

Negligent and Retention of Employment Services-against defendant City of New York.

61. Plaintiff hereby restates paragraph 1-60 of this Complaint, as though fully set forth below.
62. Upon information and belief, defendant City of New York, through the NYPD, owed a duty of care to plaintiff to prevent the physical and mental abuse sustained by plaintiff.
63. Upon information and belief, defendant City of New York, through the NYPD owed a duty of care to plaintiff because under the same or similar circumstances a reasonable, prudent and careful person should have anticipated that an

injury to plaintiff or to those in a like situation would probably result from this conduct.

64. Upon information and belief, defendant City of New York, knew or should have known through the exercise of reasonable diligence that the Officers Defendants were not prudent and were potentially dangerous.

65. Upon information and belief, defendant City of New York, negligence in hiring and retaining the officers Defendants proximately caused Plaintiff's injuries.

66. Upon information and belief, because of the defendant's City of New York, negligent hiring and retention of the aforementioned Officers Defendants, Plaintiff incurred significant and lasting injuries.

**WHEREFORE**, plaintiff respectfully requests judgment against the Defendants as follows:

1. On the First Cause of Action against all the defendants, compensatory and punitive damages in an amount to be determined at trial, and reasonable attorneys' fees and costs under 42 U.S.C. Section 1988;

2. On the Second Cause of Action, against all Defendants, compensatory damages in an amount to be determined at trial, and punitive damages against the Officers Defendants in an amount to be determined at trial;

3. On the Third Cause of Action, against all Defendants, compensatory damages in an amount to be determined at trial, punitive damages against the Officers Defendants in an amount to be determined at trial;

4. On the Fourth Cause of Action, against all Defendants, compensatory damages in an amount to be determined at trial, punitive damages against the Officers Defendants in

      an amount to be determined at trial;

5. Statutory attorney fees pursuant to, *inter alia*, 42 U.S.C. §1988 and New York common law, disbursements, and costs of this action;

6. Such other and further relief as this Court may deem necessary in the interest of justice.

Dated: June 13, 2013,
       Brooklyn, New York

                        O'keke& Associates, PC.

_____
Patrick O'keke, Esq. (PO-2861)
O'keke& Associates, PC.
Attorney for Plaintiff
801 Franklin Avenue
Brooklyn, New York 11238
Tel. (718) 855-9595

Civil Case Number: <u>12 CV 6126</u>      Attorney: <u>PATRICK O'KEKE [2861]</u>

**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK   (FB)(JMA)**

---

DERRICK HENRIQUES

                                Plaintiff(s),

  against

THE CITY OF NEW YORK,
P.O. LEON PEDIGO, SGT. ERIC NOLAN
JOHN DOE and JANE DOE 1-5

                                Defendant(s).

---

## AMENDED SUMMONS & AMENDED COMPLAINT
## DEMAND TRIAL BY JURY

---

**O'keke & Associates, PC**
801 FRANKLIN AVENUE, BROOKLYN NY, 11238
PHONE: (718) 855-9595   FAX: (718) 855-9494
EMAIL: polawuk@aol.com,

---

To:

Defendants/Attorney(s) For Defendants.

---

Service of a copy of the within is hereby admitted

                      Dated:_____

            Attorney(S) For:_____

---